SNOW JENSEN & REECE
Lewis P. Reece [5785]
Tonaquint Business Park Bldg. B
912 West 1600 South, Suite 200
St. George, Utah 84770
Telephone: (435) 628-3688
Email: lreece@snowjensen.com

Attorneys for Defendant USA Guides

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RYAN STENCEL, SHAWN STENCEL AND MARK STENCEL, individually<br><br>Plaintiffs,<br><br>vs.<br><br>WHITE RIVER ACADEMY, INC., a Utah corporation; JUSTIN NEILSON; GARY ANDERSON; ROBIN REBER; BARBARA HABE, individually; USA GUIDES, a corporation; and Doe Defendants 1-10.<br>Defendants. | **ANSWER**<br><br>Case No. 2:14 cv 00331<br><br>Judge Tena Campbell |

## ANSWER TO COMPLAINT

COME NOW Defendant USA Guides, (hereinafter collectively "USAG"), by and through its counsel of record, Lewis P. Reece and the law firm of Snow Jensen & Reece, P.C.,

and in response to the Complaint filed by the Plaintiffs, hereby admits, denies and otherwise alleges in Answer to Plaintiffs complaint as set forth herein.

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs' Complaint fails to state a claim for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

USAG responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

1. Paragraphs 1-5, entitled "Nature of the Case" do not allege a single fact or event involving USAG. USAG is without sufficient knowledge to respond. Denied.

2. Paragraph 6. Denied.

3. Paragraph 7. USAG is without sufficient knowledge to respond. Denied.

4. Paragraph 8. USAG is without sufficient knowledge to respond. Denied.

5. Paragraph 9. USAG is without sufficient knowledge to respond. Denied.

6. Paragraph 10. USAG is without sufficient knowledge to respond. Denied.

7. Paragraph 11. USAG is without sufficient knowledge to respond. Denied.

8. Paragraph 12. USAG is without sufficient knowledge to respond. Denied.

9. Paragraph 13. Admit that USAG is a corporation located in St. George, Utah. USAG denies all other allegations and inferences in paragraph 13.

10. Paragraph 14. USAG is without sufficient knowledge to respond. Denied.

11. Paragraph 15, entitled "Facts" does not allege a single fact or event involving USAG. USAG is without sufficient knowledge to respond. Denied.

12. Paragraph 16. Denied.

13. Paragraph 17, including all subparts, USAG denies every fact or allegation which refers to or relates to USAG. As to allegations against other Defendants, USAG is without sufficient knowledge to respond. Denied.

14. The Complaint served upon USAG does not contain numbered Paragraphs 18, 19, 20, 21, 22, or 23. If such Paragraphs exist, USAG is without sufficient knowledge to respond. Denied.

15. Paragraph 24. Denied.

16. Paragraph 25. Denied

17. Paragraph 26. This paragraph incorporates prior allegations which USAG has responded to as set forth above.

18. Paragraph 27, USAG denies every fact or allegation which refers to or relates to USAG. As to allegations against other Defendants, USAG is without sufficient knowledge to respond. Denied.

19. Paragraph 28. USAG is without sufficient knowledge to respond. Denied.

20. Paragraph 29. USAG is without sufficient knowledge to respond. Denied.

21. Paragraph 30. USAG is without sufficient knowledge to respond. Denied.

22. Paragraph 31. USAG is without sufficient knowledge to respond. Denied.

23. Paragraph 32. USAG is without sufficient knowledge to respond. Denied.

24. Paragraph 33. USAG is without sufficient knowledge to respond. Denied.

25. Paragraph 34. USAG is without sufficient knowledge to respond. Denied.

26. Paragraph 35. USAG is without sufficient knowledge to respond. Denied.

27. Paragraph 36. USAG is without sufficient knowledge to respond. Denied.

28. Paragraph 37. USAG is without sufficient knowledge to respond. Denied.

29. Paragraph 38. This paragraph incorporates prior allegations which USAG has responded to as set forth above.

30. Paragraph 39. USAG is without sufficient knowledge to respond. Denied.

31. Paragraph 40. USAG is without sufficient knowledge to respond. Denied.

32. Paragraph 41. USAG is without sufficient knowledge to respond. Denied.

33. Paragraph 42. USAG is without sufficient knowledge to respond. Denied.

34. Paragraph 43. This paragraph incorporates prior allegations which USAG has responded to as set forth above.

35. Paragraph 44. USAG is without sufficient knowledge to respond. Denied.

36. Paragraph 45. USAG is without sufficient knowledge to respond. Denied.

37. Paragraph 46. USAG is without sufficient knowledge to respond. Denied.

38. Paragraph 47. USAG is without sufficient knowledge to respond. Denied.

39. Paragraph 48. USAG is without sufficient knowledge to respond. Denied.

40. Paragraph 49. USAG is without sufficient knowledge to respond. Denied.

41. Paragraph 50. USAG is without sufficient knowledge to respond. Denied.

42. Paragraph 51. USAG is without sufficient knowledge to respond. Denied.

43. Paragraph 52. USAG is without sufficient knowledge to respond. Denied.

44. Paragraph 53. USAG is without sufficient knowledge to respond. Denied.

45. Paragraph 54. This paragraph incorporates prior allegations which USAG has responded to as set forth above.

46. Paragraph 55. USAG is without sufficient knowledge to respond. Denied.

47. Paragraph 56. USAG is without sufficient knowledge to respond. Denied.

48. Paragraph 57. USAG is without sufficient knowledge to respond. Denied.

49. Paragraph 58. USAG is without sufficient knowledge to respond. Denied.

50. Paragraph 59. USAG is without sufficient knowledge to respond. Denied.

51. Paragraph 60. Denied.

52. Paragraph 61. USAG is without sufficient knowledge to respond. Denied.

53. Paragraph 62. USAG is without sufficient knowledge to respond. Denied.

54. Paragraph 63. USAG is without sufficient knowledge to respond. Denied.

55. Paragraph 64. USAG is without sufficient knowledge to respond. Denied.

56. Paragraph 65, including all subparts. Denied as to USAG. As to other Defendants, USAG is without sufficient knowledge to respond. Denied.

57. Paragraph 66 appears to be Plaintiffs views on the 13th Amendment, and call for a legal conclusion. USAG is without sufficient knowledge to respond. Denied.

58. Paragraph 67. USAG is without sufficient knowledge to respond. Denied.

59. Paragraph 68. USAG is without sufficient knowledge to respond. Denied.

60. USAG expressly denies that Plaintiff is entitled to any relief sought in Plaintiff's prayer for relief.

61. USAG expressly deny each and every allegation not specifically admitted.

### THIRD AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs have failed to mitigate their damages, and to that extent, their claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that the harm to Plaintiffs, if any, was proximately caused by conditions over which Defendants had no control and by the negligence of Plaintiffs, other Defendants, or other third parties.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs have failed to allege facts necessary to sustain a claim for consequential, incidental, or punitive damages, and Plaintiffs should therefore be denied these forms of relief.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs or other parties were negligent and, consequently, Plaintiffs fault should be compared to that of USAG and any other party in determining the percentage of fault attributable to each.

### SEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG allege that that their conduct was not the direct and proximate cause of Plaintiffs' injuries, if any.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiff's injuries, if any, were proximately caused by superseding or intervening causes not foreseen or reasonably foreseeable by USAG.

### NINTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs consented to any actions taken by USAG. Specifically, Plaintiffs hired and directed USAG to transport Mark Stencel from his home. Plaintiffs Ryan and Shawn Stencel were the parents and legal guardians of Mark Stencel at the time. USAG was entitled to rely upon the representations and agreements of Plaintiffs Ryan and Shawn Stencel, and did in fact rely upon those agreements and representations now to its detriment, including without limitation, the Agreement, Release and Assumption of Risk agreement attached hereto and incorporated herein as Exhibit A. USAG is entitled to recover its attorney's fees and costs in this matter as well as indemnification for all costs, fees, expert expenses, and other damages in this matter from Plaintiff Ryan Stencel and Plaintiff Shawn Stencel, inasmuch as Plaintiff Ryan Stencel acted as the agent and on behalf of Shawn Stencel as well as on her own behalf. Further, Plaintiffs' claims are subject to set-off.

### TENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs contracted with USAG to consent to any actions taken by USAG.

### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that the Plaintiffs' conduct assumed the risk.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs contracted with USAG to assume the risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs have expressly waived any claims against USAG.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and affirmative defense, USAG alleges that Plaintiffs contracted with USAG to indemnify USAG and hold USAG harmless regarding any and all claims brought by Plaintiffs, or with respect to any action by USAG in any way connected to the Plaintiffs. To the extent that USAG is found to be liable for any damages to Plaintiffs, Plaintiffs should be ordered to reimburse USAG for all damages, including attorney's fees and costs.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, laches, waiver, and unclean hands.

### SIXTEENTH AFFIRMATIVE DEFENSE

USAG may have additional defenses not now known to it, but which may be discovered during the course of these proceedings. USAG does not waive such defenses and specifically

asserts them hereby, reserving the right to amend to plead other affirmative defenses as they become known.

WHEREFORE, Defendant USAG prays that Plaintiffs take nothing by way of their Complaint and that said pleadings are dismissed with prejudice, and USAG is awarded their costs and attorneys' fees.

Dated this 28th day of May, 2014.

SNOW JENSEN & REECE, P.C.

*/s/ Lewis P. Reece*
Lewis P. Reece
Counsel for Defendant USAG

## CERTIFICATE OF MAILING

This is to certify that on this 28th day of May 2014, I caused a true and exact copy of the ANSWER in the above entitled and numbered matter to be mailed first class, postage prepaid, to the following:

Thomas M. Burton, Esq.  (#USB 00518)
P.O. 1619
Salt Lake City, Utah 84110

*/s/*
Legal Assistant

# EXHIBIT A

**USA Guides Inc. | 1150 South Bluff Street Suite 5 | St. George, UT 84770**
Phone: (888) 268-9029 | Fax: (866) 665-6367 | www.youthtransport.net [GO BACK] | [PRINT THIS PAGE]

**Permission to Transport Form**

**Parent(s) or Legal Guardian(s):**                                    Case #: m20120524-1436001

Ryan Stencel
12000 Wagner
Anchorage, AK



The undersigned are the parent(s) or legal guardian(s) of the below named minor and have full legal custody over the minor child. The undersigned have enrolled the child in a program at the below referenced destination and request that **USA Guides** transport the child to said destination.

| Minor's Name: | Mark Stencel |
|---|---|
| Date of Birth: | 12-20-1995 |
| Has been enrolled in School / Program: | White River Academy / www.whiteriveracademy.com |
| Located at: | 275 W 100 S, Delta, UT 84624 |
| Phone Number: | 4354064093c / 866-679-8336 |

We have READ and UNDERSTOOD page #1 of this Permission to transport form.
Initial here: ___

### AGREEMENT, RELEASE AND ASSUMPTION OF RISK

In consideration of the services of **USA Guides**, their Agents, Owners, Officers, Volunteers, Participants, Employees, and all other persons or entities acting in any capacity on their behalf (hereinafter collectively referred to as USAG), I hereby agree to release, indemnify, and discharge **USAG**, on behalf of myself, my spouse, my children, my parents, my heirs, assigns, personal representative and estate as follows:

1. I acknowledge that vehicular transportation of my child or ward entails known and unanticipated risks that could result in physical or emotional injury, paralysis, death, or damage to myself, to property, or to third parties.

**The risks include, among other things:** personal or traffic accidents; self-inflicted injury; injury resulting from being restrained, apprehended or runaway. Furthermore, **USAG** employees have difficult jobs to perform. They seek safety, but they are not infallible. They might be unaware of a participant's fitness or abilities. They might misjudge the weather or other environmental conditions. They may give incomplete warnings or instructions, and the equipment being used might malfunction.

2. I expressly agree and promise to accept and assume all of the risks existing in this transportation.

3. I hereby voluntarily release, forever discharge, and agree to indemnify and hold harmless **USAG** from any and all claims, demands, or causes of action, which are in any way connected with this activity or my use of **USAG**'s equipment or facilities, including any such claims which allege negligent acts or omissions of **USAG**.

4. Should **USAG** or anyone acting on their behalf, be required to incur attorney's fees and costs to enforce this agreement, I agree to indemnify and hold them harmless for all such fees and costs.

5. I certify that I have adequate insurance to cover any injury or damage my child/ward or I may cause or suffer while participating, or else I agree to bear the costs of such injury or damage myself. I further certify that I am willing to assume the risk of any medical or physical condition my child/ward or I may have.

6. In the event that I file a lawsuit against **USAG**, I agree to do so solely in the state of Utah, and I further agree that the substantive law of Utah shall apply in that action without regard to the conflict of law rules of that state. I agree that if any portion of this agreement is found to be void or unenforceable, the remaining document shall remain in full force and effect.

### PARENT'S OR GUARDIAN'S ADDITIONAL INDEMNIFICATION
(Must be completed for participants under the age of 18)

http://www.youthtransport.us/tracking/client/index.php?link=permission&printpermission=1

In consideration of **Mark Stencel** ("Minor") being transported by **USAG** and to use its equipment and facilities, I further agree to indemnify and hold harmless **USAG** from any and all claims which are brought by, or on behalf of Minor, and which are in any way connected with such transportation of the Minor.

Consent is hereby given to **USAG** and its agents, to search the personal effects and person of the child being transported. **USAG** may confiscate and dispose of any item deemed as contraband or which, in the opinion of **USAG** and its agents, may pose a danger to any person. The disposal of items confiscated shall be in the absolute discretion of **USAG** and its agents, which shall have no obligation to return such items or to compensate for the value of such items.

Consent is hereby given to **USAG** and its agents to physically restrain, control and detain the child, if reasonably necessary to prevent the child from running away, jeopardizing his / her safety, the safety of other persons, or to prevent the destruction of property. A copy or facsimile of this form may be used in lieu of the original for all purposes.

By signing this document, as the parent(s) or legal guardian(s) I / we acknowledge that if anyone is hurt or property is damaged during my or my child/ward participation in this activity, I / we may be found by a court of law to have waived my / our right to maintain a lawsuit against **USAG** on the basis of any claim from which I / we have released them herein.

I agree to pay all transport fees and airfare associated with the transport of **Mark Stencel** (minor) for the amount quoted, **$1850.00** plus the airfare, **$Pre Paid**. I understand that airfare is subject to change and I will be responsible for actual airfare. The transport fees are fully earned once agents leave their home base. In the event there is an unforeseen circumstance such as medical emergencies, refusal to board, extreme weather conditions, acts of God, or a flight cancellation and additional charges are incurred such as a Hotel room and/or additional transportation costs for flights or rental vehicles, and fuel there will be additional charges that are the sole responsibility of the Client regardless of the cause, and the Client understands and agrees that these circumstances are out of the control of USA Guides and /or their authorized agents. A **cancellation is only valid prior to team initiating travel. Once team has initiated travel all fees are due and payable.**

In the event that **Mark Stencel** is not at the appointed location at the designated time. The agents will work with you to locate and complete the transport for up to 8 hours. The parent may contract for additional time with USA Guides, with the understanding that additional expenses will be your responsibility.

Please be aware that once the booking process begins, a cancellation fee could apply.

I / we have had sufficient opportunity to read this entire document. I /we have read and understood it, and I / we agree to be bound by its terms.

**Primary Parent/Guardian**

Full Name: _Ryan Marie Stencel_
Phone / Cellphone: _907-830-3578_
Address: _12000 Wagner St._
City/State/Zip: _Anchorage, AK 99516_

Signature: _Ryan Stencel_   Date: _5/24/12_

**Secondary Parent/Guardian**

http://www.youthtransport.us/tracking/client/index.php?link=permission&printpermission=1